IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 11-cv-02896-JLK**

**THE WATER SUPPLY AND STORAGE COMPANY**,
    Plaintiff,

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE,**
**TOM VILSAK,** in his official capacity as Secretary of the United States Department of Agriculture**,**
**MARIBETH GUSTAFSON,** in her official capacity as Regional Forester for the Rocky Mountain Region of the United States Department of Agriculture Forest Service**,**
**GLENN P. CASAMASSA,** in his official capacity as Forest Supervisor of the Arapaho and Roosevelt National Forest and Pawnee National Grassland, United States Department of Agriculture Forest Service**,**
**UNITED STATES DEPARTMENT OF INTERIOR,**
**KEN SALAZAR,** in his official capacity as Secretary of the United States Department of Interior**,**
**UNITED STATES PARK SERVICE,**
**JOHN WESSELS,** in his official capacity as Director, Intermountain Region, United States National Park Service**,**
    Defendants,

    and,

**COLORADO TROUT UNLIMITED,**
    Proposed Defendant Intervenor.

---

**ORDER**

---

Kane, J.

This matter is currently before me on Proposed Defendant Intervenor Colorado Trout Unlimited's ("CTU") Unopposed Motion to Intervene as Defendant (doc. 17). After carefully considering the Motion and applicable legal authorities, I find that CTU has satisfied the

1

requirements of Fed. R. Civ. P. 24(a)(2), and CTU's Motion is GRANTED. The clerk shall enter CTU's Proposed Answer (doc. 17-6) as CTU's Answer.

## BACKGROUND

Since Water Supply and Storage Company's ("WSSC") permit to use the Long Draw Reservoir and Dam ("LDR") first expired in 1994, the federal defendants, WSSC, and CTU have been involved in protracted negotiations regarding the terms of WSSC's future permit to operate the LDR. Following CTU's successful challenge of a 1994 easement granted by the Forest Service for WSSC's continued operation of the LDR, the Forest Service issued its Record of Decision on the LDR. It is that Record of Decision, specifically the Forest Service's decision to condition the permit for the LDR on the Greenback Cutthroat Trout Restoration Project ("GBCT Restoration Project"), that forms the basis for WSSC's challenge.

Claiming that the Forest Service's decision to condition the LDR permit on the GBCT Restoration Project exceeds the government's authority under, and erroneously interprets, the Federal Lands Policy and Management Act of 1976's requirement that damage to the land be minimized, WSSC filed suit on November 7, 2011. On January 9, 2012, the federal defendants filed their Answer to WSSC's Amended Complaint (doc. 14), and on January 12, 2012, CTU filed its Unopposed Motion to Intervene as Defendant (doc. 17).

## ANALYSIS

In order to intervene as a matter of right, CTU must establish the following: (1) its motion was timely; (2) it has an interest relating to the LDR permit; (3) the disposition of this litigation may, as a practical matter, impair or impede CTU's interest relating to the LDR permit; and (4) neither the federal defendants nor WSSC adequately represent CTU's interest. *See WildEarth*

*Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).  When analyzing these factors and deciding whether CTU's intervention is proper, my central concern is the practical effect of this litigation on CTU and its interest.  *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007).  In the Tenth Circuit, this test has been liberally interpreted in favor of intervention.  *See, e.g.*, *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (quoting *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

Applying these factors and considerations here, I find that CTU has met its burden and should be permitted to intervene as a defendant.  As a threshold matter, CTU's motion is timely; it was filed only three days after the federal defendants filed their answer and before the parties have filed their Joint Case Management Plan.  Second, CTU has adequately established that it has an interest in the subject matter of this litigation.  CTU has interests in the health of the watershed in question and the in restoration of the greenback cutthroat trout, both of which are implicated by the LDR permit.  Such environmental concerns are "indisputably" legally protectable interests. *See WildEarth Guardians*, 604 F.3d at 1198 (citing *San Juan Cnty.*, 295 F.3d at 1199).  In addition, disposing of the action has the potential of impairing CTU's ability to protect these interests.  Finally, CTU's interests are not adequately represented by the federal defendants; although the government's interest is related to those of CTU, their interests are not identical.  *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001).  Thus, because CTU has established each of the factors under Rule 24(a)(2), it is entitled to intervene in this litigation as a matter of right.

CTU's intervention, however, is not without limitation.  Rule 24(a)(2)'s "reference to

practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention." *San Juan Cnty.*, 503 F.3d at 1189. "[I]ntervention of right under the amended rule may be subject to appropriate considerations or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory Committee Notes (1966 Amendment)).

Therefore, the federal defendants' counsel and CTU's counsel must confer before filing any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion.  CTU may file separate motions, responsive filings, or briefs only to raise arguments or issues the federal agencies decline to raise in their filings.  Moreover, any separate filings must include a Certificate of Compliance with the condition requiring CTU to confer with counsel for defendants before filing, and a statement that the issues raised are not adequately covered by the defendants' position.

## CONCLUSION

In sum, CTU's Motion to Intervene is granted pursuant to Fed. R. Civ. P. 24(a)(2), but its intervention is subject to the above limitations.

Dated: January 26, 2012              BY THE COURT:

**s/John L. Kane**
Senior U.S. District Judge