**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-02896-JLK

THE WATER SUPPLY AND STORAGE COMPANY,
    a Colorado Non-Profit Mutual Ditch and Reservoir Company.

        Petitioner,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

        Respondents.

        and,

COLORADO TROUT UNLIMITED,

        Respondent-Intervenor.

_____

**THIRD AMENDED JOINT CASE MANAGEMENT PLAN
FOR PETITIONS FOR REVIEW OF
AGENCY ACTION IN ENVIRONMENTAL CASES**
_____

**1. APPEARANCES OF COUNSEL**

    **A. Attorneys for Petitioner-The Water Supply and Storage Company ("WSSC"):**

        Howard Kenison, Esq.
        Patrick G. Compton, Esq.
        Lindquist & Vennum PLLP
        600 17th Street, Suite 1800 South
        Denver, Colorado 80202-5441

    **B. Attorneys for Respondents United States Department of Agriculture, Tom Vilsack, United States Department of Agriculture Forest Service, Maribeth Gustafson, Glenn P. Casamassa, United States Department of the Interior, Sally Jewell, United States National Park Service, and John Wessels ("Federal Respondents"):**

      David Gehlert, Esq.
      Natural Resources Section
      Environment and Nat. Resources Div.
      U.S. Department of Justice
      999 18th Street South Terrace, Suite 370
      Denver, Colorado 80294

  **C.**   **Attorneys for Respondent-Intervenor Colorado Trout Unlimited ("CTU"):**

      David Glandorf, Esq.
      Gibson, Dunn & Crutcher, LLP
      1801 California Street, Suite 4200
      Denver, Colorado 80202-2642

      and

      Michael K. Murphy, Esq.
      Jennifer A. Nelson, Esq.
      Gibson, Dunn & Crutcher, LLP
      1050 Connecticut Avenue, N.W.
      Washington, DC 20036

**2.**   **STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The District Court has original jurisdiction over the claims alleged by WSSC pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as a defendant), and 5 U.S.C. § 706 (Administrative Procedure Act). The Federal Respondents dispute that the Court has jurisdiction with respect to WSSC's Third Claim for Relief.

**3.**   **DATES OF FILING OF RELEVANT PLEADINGS**

  **A.**   **Date Petition for Review Was Filed:**

WSSC's operative pleading is its First Amended Complaint ("Complaint"), which was filed on November 9, 2011.

  **B.**   **Date Petition for Review Was Served on U.S. Attorney's Office:**

WSSC's Complaint was served on the U.S. Attorney's Office on November 10, 2011.

  **C.**   **Date Answer or Other Response Was Filed:**

The Federal Respondents filed their Answer ("Answer") on January 9, 2012. CTU's Answer was accepted for filing on January 26, 2012.

**4.**   **STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

This case does not present any unusually complicated or out-of-the-ordinary claims, such as constitutional challenges to a statute or regulation, alleged due process violations, or requests for emergency relief.

**5.    OTHER MATTERS**

None.

**6.    PROPOSED BRIEFING SCHEDULE**

    **A.    Deadline for Filing Administrative Record:**

March 26, 2012.

The administrative record was filed on March 26, 2012. The Federal Respondents amended the administrative record on May 1, 2012 and June 13, 2013. The Parties filed a notice to supplement the Administrative Record with transcripts of two depositions authorized by the Court through its November 16, 2012 Order Granting WSSC's Motion for Limited Discovery [Doc. No. 49], on July 19, 2013.

    **B.    Deadline for Parties to Confer on Record Disputes:**

July 24, 2012.

    **C.    Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:**

August 7, 2012.

    **D.    Opening Brief:**

WSSC's Opening Brief will be due October 18, 2013. The Opening Brief will generally conform to the requirements of Fed. R. App. Rules 28 and 32, and 10th Cir. R. 28 and 32, with the exception that the Opening Brief may contain up to 40 pages, as long as it does not contain more than 18,500 words.

    **E.    Response Briefs:**

The Federal Respondents' Response Brief will be due December 20, 2013. CTU's Response Brief will be due January 10, 2014. Each Response Brief will generally conform to the requirements of Fed. R. App. Rules 28 and 32, and 10th Cir. R. 28 and 32, with the exception that the Federal Respondent's Response Brief may contain up to 40 pages, as long as it does not contain more than 18,500 words, and CTU's Response Brief may contain up to 25 pages, as long as it does not contain more than 11,000 words.

3

    **F.**    **Reply Brief and Supplemental Brief:**

WSSC's Reply Brief will be due February 10, 2014, and the Federal Respondents may file a Supplemental Brief, on or before February 10, 2014, solely limited to responding to arguments presented by CTU in its Response Brief. WSSC's Reply Brief and any Supplemental Brief filed by the Federal Respondents will generally conform to the requirements of Fed. R. App. Rules 28 and 32, and 10th Cir. R. 28 and 32 applicable to reply briefs, with the exception that WSSC's Reply Brief may contain up to 33 pages, as long as it does not contain more than 15,000 words, and the Federal Respondent's Supplemental Brief may contain up to 20 pages, as long as it does not contain more than 9,250 words.

**7.**    **STATEMENTS REGARDING ORAL ARGUMENT**

    **A.**    **WSSC's Statement:**

WSSC respectfully requests oral argument in this matter. This case may present issues regarding the nature and breadth of the United States' authority under the Federal Land Policy and Management Act of 1976, 43 U.S.C. § 1765, et seq. ("FLPMA" or "Act") upon which the Court may find oral argument beneficial.

    **B.**    **The Federal Respondents' Statement:**

The Federal Respondents join in WSSC's Statement Regarding Oral Argument and request for oral argument.

    **C.**    **CTU's Statement:**

CTU joins in WSSC's Statement Regarding Oral Argument and request for oral argument.

**8.**    **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

    **A.**    ( )    **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    **B.**    ( X )    **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**9.**    **OTHER MATTERS**

None.

**10.**    **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties acknowledge and agree that this Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 26th day of July, 2013.

BY THE COURT:

*s/John L. Kane*
The Honorable John L. Kane,
United States District Court Judge

APPROVED and SUBMITTED this 26th day of July, 2013:

*Original Signature on File*

*s/ Howard Kenison*
Howard Kenison
Patrick G. Compton
Lindquist & Vennum PLLP
600 17th Street
Suite 1800 South
Denver, CO  80202-5441

**Attorneys for Petitioner**

*Original Signature on File*

*s/ David Gehlert*
David Gehlert
Natural Resources Section
Environment and Nat. Resources Div.
U.S. Department of Justice
999 18th Street
South Terrace – Suite 370
Denver, Colorado  80294

**Attorney for the Federal Respondents**

*Original Signature on File*

*s/ Jennifer A. Nelson*
Jennifer A. Nelson
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue NW
Washington, DC 20036

**Attorneys for Respondent-Intervenor Colorado Trout Unlimited**