**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2896-WJM

WATER SUPPLY AND STORAGE COMPANY, a Colorado Non-Profit
Mutual Ditch and Reservoir Company,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,
TOM VILSACK, in his official capacity as Secretary of the United States
Department of Agriculture,
UNITED STATES DEPARTMENT OF AGRICULTURE FOREST
SERVICE, an Agency of the Untied States Department of Agriculture,
MARIBETH GUSTAFSON, in her official capacity as Regional Forester for
the Rocky Mountain Region of the United States Department of Agriculture
Forest Service,
GLENN P. CASAMASSA, in his official capacity as Forest Supervisor of the
Arapaho and Roosevelt National Forest and Pawnee National Grassland,
United States Department of Agriculture Forest Service,
UNITED STATES DEPARTMENT OF INTERIOR,
KEN SALAZAR, in his official capacity as Secretary of the United States
Department of Interior,
UNITED STATES NATIONAL PARK SERVICE, an agency of the United
States Department of Interior, and
JOHN WESSELS, in his official capacity as Director, Intermountain Region,
United States National Park Service,

    Defendants.

## ORDER *SUA SPONTE* ADMINISTRATIVELY CLOSING CASE

On December 5, 2014, the parties jointly moved for a referral to mediation. (ECF No. 89.) The Court granted that request and referred the matter to U.S. Magistrate Judge Michael E. Hegarty for a settlement conference. (ECF No. 90.) After the settlement conference was conducted on January 20, 2015, Judge Hegarty entered a Minute Order

stating that the parties had reached a settlement in concept and would continue to work toward finalizing it.  (ECF No. 99.)  By February 23, 2015, the parties were directed to file either dismissal papers or a status report advising the Court on any progress toward completion of the settlement documents.  (ECF No. 100.)  The parties' Joint Status Report indicated that finalization of the settlement had been delayed beyond what was initially contemplated because of the Federal Defendants' need to issue a Special Use Authorization and a mechanism to implement the agreement in accordance with federal statute.  (ECF No. 101.)  The parties anticipated preparing a proposed settlement agreement during the week of February 23, 2015.  (*Id.*)

Given the above, the Court finds that further delays in finalizing the settlement are likely, and rather than extending the parties' deadline to file dismissal papers, the Court will *sua sponte* administratively close the case.  Although this case has been pending since 2011, it has effectively been stayed since December 2014, which has prevented the Court from issuing any ruling.  The parties reached a conceptual settlement of this case in January, but have been unable even to exchange proposed settlement documents until this week, let alone finalize such documents, and the Court is unable to discern from the record when this period of delay will come to an end.  Moreover, at this point, it appears there is no live dispute regarding the merits of the claims at issue in this case, and that the case is simply awaiting the parties' final agreement on the settlement documents.

Accordingly, the Court ORDERS that this matter be ADMINISTRATIVELY CLOSED pursuant to local rule D.C.COLO.LCivR 41.2.  The parties may move to reopen this case once settlement and dismissal papers have been finalized, or for any other good cause shown.

Dated this 25th day of February, 2015.

BY THE COURT:

William J. Martínez
United States District Judge